[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FACTS
This is an appeal from a decision of the Commission on Human Rights and Opportunities (hereinafter CHRO) denying the plaintiff's application for reconsideration of a dismissal of the plaintiff's race and sex discrimination complaint against the Department of Mental Health.
On May 12, 1986, the plaintiff, Gilbert Cooper, a former senior affirmative action official, filed a complaint with the CHRO alleging that the Department of Mental Health and Cedarcrest Hospital; two of his former supervisors, Barbara Barnwell and Carl Capella; and co-worker Gladys Traverso discriminated against him on the basis of his race (Black) and sex (male) in violation of Conn. Gen. Stat. 46a-60 (a)(1). The complaint affidavit alleges that complaints which the plaintiff made against another employee were not investigated but complaints made about plaintiff's conduct were investigated, that his employment performance evaluations were unfairly critical than those of other employees, and that he was illegally reassigned from Cedarcrest Hospital to the office of the Commission. The complaint affidavit alleges that the plaintiff was forced to resign and seek professional psychiatric care as a result of the alleged discrimination (R-R Exhibit 1).
On October 6, 1987, CHRO investigator Vincent P. Valenzuela recommended in a written report that the CHRO dismiss the complaint for lack of sufficient evidence to support the plaintiff's allegations (R-R Exhibit 82). The CHRO dismissed the case on November 12, 1987, the petitioner filed an Application for Reconsideration on November 16, 1987 (R-R Exhibit 85). The CHRO notified the plaintiff that his request for reconsideration was denied on April 14, 1988 (R-R Exhibit 89). The plaintiff filed this appeal on May 17, 1988.
Conn. Gen. Stat. 46a-94a authorizes a complainant to appeal a dismissal of his complaint to the superior court in accordance with Conn. Gen. Stat. 4-183. The plaintiff alleges that he takes this appeal pursuant to Conn. Gen. Stat.46a-82, 83, 84 and 86. These statutes pertain to filing a CT Page 2545 complaint, investigation of the complaint, a hearing of the complained matter and dismissal of the complaint; they do not authorize an appeal from the dismissal of a complaint.
A. Timeliness
Conn. Gen. Stat. 4-183 (b) (rev'd to 1987) stated at the time that this appeal was taken:
 (b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford.
The CHRO mailed its decision to the plaintiff on April 14, 1988. Plaintiff filed this appeal on May 17, 1988. Filed thirty-three days after the mailing, the appeal is timely.
B. Scope of Review
Appellate review of an agency's decision is of limited scope. Kaeser v. Conservation Commission, 10 Conn. App. 309,311 (1989). The court is limited to reviewing the evidence and reasoning in the record. Id. The court must determine if there is sufficient evidence to support the agency's decision. Feinson v. Conservation Commission, 180 Conn. 421, 425 (1980). If any one of the reasons given by the agency is supported by evidence in the record, the agency's decision must be sustained. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 539-40 (1987). In order to support any of the reasons provided in the record, the evidence must be substantial. Id. at 540. The possibility that two inconsistent conclusions may be drawn from the evidence does not prevent any agency's decision from being supported by substantial evidence. CT Page 2546 Id. at 541. The credibility of witnesses and determination of issues of fact are matters within the province of the agency. Feinson, 180 Conn. 425.
DISCUSSION
The record indicates that the CHRO investigating officer determined in a CHRO Finding of No Cause and Summary that the plaintiff's concerns and complaints were investigated and duly addressed. The investigating officer also made findings that the plaintiff's supervisors investigated complaints against the plaintiff but found no evidence to support complaints by or against the plaintiff. The findings state that despite a seriously deficient affirmative action plan and other deficiencies in the plaintiff's performance, the plaintiff's evaluation was fair. Accordingly, the CHRO concluded that the fair evaluation "highly negates an intent to discriminate" and the investigation did not disclose any evidence of deliberate imposition of intolerable working conditions to discriminate against the plaintiff. The CHRO also found no evidence of retaliatory treatment (R-R Exhibit 82 p. 12).
The plaintiff argues that the CHRO's findings of fact are incomplete, erroneous and not touching and concerning the allegations of the complaint because the CHRO did not address the issue of the plaintiff's being reassigned for a discriminatory purpose. The plaintiff maintains that the CHRO violated the plaintiff's due process rights by incorrectly placing the burden of proof upon the plaintiff. The plaintiff argues that his complaint against co-worker Traverso was never investigated. CHRO concluded that the complaint was investigated. The plaintiff argues that the CHRO finding that co-worker Traverso's mistakes were "honest mistakes" is evidence of discrimination. The plaintiff also asserted at oral argument that because the CHRO did not conduct a hearing before issuing its decision, the plaintiff's due process rights have been violated.
Conn. Gen. Stat. 46a-83 (a) states:
 Sec. 46a-83. Complaint: Investigation; conciliation; disclosure; subpoena. (a) After the filing of any discriminatory practice complaint, the chairman of the commission shall refer the same to a commissioner or investigator to investigate and if the commissioner or investigator determines after the investigation that there is reasonable cause for believing that a discriminatory practice has been or is being CT Page 2547 committed as alleged in the complaint, he shall endeavor to eliminate the practice complained of by conference, conciliation and persuasion.
Conn. Gen. Sat. 46-84 (a) states:
 See. 46a-84. Complaint: Hearing. (a) In case of failure to eliminate a discriminatory practice complained of pursuant to section 46a-82, the investigator or investigating commissioner shall certify the complaint and the results of his investigation to the chairman of the commission and to the attorney general.
 Only where such a finding of reasonable cause is made and the investigator cannot thereafter, `eliminate the practice complained of by conference, conciliation and persuasion'; General Statutes 46a-83 (a); is the complaint certified and a hearing examiner appointed to conduct a formal hearing on the matter. General Statutes 46a-84.
Ierardi v. Commission on Human Rights Opportunities,15 Conn. App. 569, 579 (1988)
 The term `reasonable cause' as used in the statute is synonymous with `probable cause' . . . . . Probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment under the circumstances in entertaining it. (Citation omitted).
Id. at 580.
Because the investigating officer never made a finding of reasonable cause that a discriminatory practice had been committed, no hearing was required under Conn. Gen. Stat.46a-84. CHRO did not violate the plaintiff's due process right to a hearing.
The burden of proof was not on CHRO after the plaintiff proves a prima facie case, as the plaintiff argues, but rather the proper standard is that the investigating officer must find reasonable or probable cause of discriminatory practice. See Ierardi 15 Conn. App. at 579. Accordingly, CHRO did not violate the plaintiff's due process rights in requiring the plaintiff to prove that the plaintiff's supervisors indirectly and CT Page 2548 deliberately made the plaintiff's working conditions so intolerable that the plaintiff was forced to resign and such conditions were deliberately inspired because of the plaintiff's protected class. See CHRO Finding of No Cause, p. 12. Because CHRO findings do address the plaintiff's reassignment, the investigating officer made findings that the investigation did not disclose any evidence of deliberate imposition of intolerable working conditions to discriminate against the plaintiff or evidence of retaliatory treatment (see CHRO Finding of No Cause and Summary, p. 12) after investigating the transfer (see CHRO Finding of No Cause and Summary, p. 10 20, 24-29). Moreover, the investigating officer concluded that the plaintiff's transfer was due to a personality conflict rather than for a discriminatory purpose. See CHRO Finding of No Cause and Summary, p. 10 para. 20.
The record reveals that the investigating officer's Finding of No Cause and Summary contains a detailed presentation of the testimonial evidence of fourteen people as well as documentary evidence that he considered in reaching the conclusion that the plaintiff's complaint should be dismissed for lack of sufficient evidence. Because the determinations of issues of fact are within the province of the agency, see Feinson at 475; and there is sufficient evidence in the record to support the CHRO decision, the appeal is dismissed.
STEINBERG, J.